IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MILTON ANDREW WILSON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| L. GALE BUCKNER, | : | CIVIL ACTION NO. |
| Chairman, Georgia State Board of | : | 1:10-CV-2033-RWS |
| Pardons and Paroles, | : | |
| THE GEORGIA STATE BOARD | : | |
| OF PARDONS AND PAROLES, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, Milton Andrew Wilson, an inmate at Wheeler Correctional Facility, in Alamo, Georgia, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint (Doc. No. 1) for screening pursuant to 28 U.S.C. § 1915A.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous

when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolousness factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs. v.

2

County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). The plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

3

## II. Discussion

Plaintiff brings this action against the Georgia State Board of Pardons and Paroles (Board) and L. Gale Buckner, Chairman of the Board. (Doc. No. 1.) Plaintiff states that he was sentenced on February 7, 2005 to serve five years of imprisonment on a voluntary manslaughter conviction and a consecutive eight years of imprisonment on a drug conviction, for a total of thirteen years of imprisonment. (Id. at 6, 9.) Plaintiff states that his tentative parole month in 2016 causes him to serve almost ninety percent of his sentences. (Id. at 7.) Plaintiff asserts that Defendants (1) have misapplied state law and refused to properly apply to him the rules for parole consideration; (2) should not have considered his sentence for manslaughter, which he has completed; and (3) have "increased [his] punishment"[1] without due process. (Id. at 9-10.) Plaintiff seeks injunctive relief. (Id. at 7-11.)

There is no constitutional right to be released on parole, and Georgia law does not create a liberty interest in such release that is protected by the Due Process Clause of the Fourteenth Amendment. See Sultenfuss v. Snow, 35 F.3d 1494, 1499-1503 (11th Cir. 1994). The Board has broad and unfettered discretion in reaching parole

---

[1] A tentative parole date in 2016 does not increase the thirteen-year term of imprisonment to which Plaintiff was sentenced.

4

decisions and is not required to reach any particular result in a given case, to adhere to any uniform standard of review, or to abide by the parole guidelines in administering parole. See id. at 1499-1501. Accordingly, Plaintiff fails to state a claim under § 1983. See West, 487 U.S. at 48.

### III.  Conclusion

For the reasons stated above,

**IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim.

**IT IS SO ORDERED** this __4th__ day of October, 2010.

_____
**RICHARD W. STORY**
United States District Judge

5

AO 72A
(Rev.8/82)